**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| YVONNE M.,<br><br>    Plaintiff,<br><br>             v.<br><br>COMMISSIONER OF THE SOCIAL<br>SECURITY ADMINISTRATION,<br>    Defendant. | Civil Action No.<br>1:18-cv-04389-SDG |

## OPINION AND ORDER

Before the Court is the Report and Recommendation (R&R) of United States Magistrate Judge Christopher C. Bly [ECF 36], recommending that the final decision of Defendant Commissioner of the Social Security Administration (the Commissioner) to deny Plaintiff's claim for benefits be reversed and remanded. The Commissioner objected [ECF 42]. For the reasons stated below, the R&R is **ADOPTED IN PART AND MODIFIED IN PART**. This matter is **REMANDED** to the Commissioner.

## I.     BACKGROUND

Plaintiff alleges that she became disabled and unable to work on or about May 20, 1997.[1] She first applied for disability benefits in 2009.[2] After multiple rounds of review by an Administrative Law Judge (ALJ), appeals, and remand, the Commissioner issued a final decision denying her claim for benefits on July 19, 2018.[3] The denial was based on the conclusion that Plaintiff was not disabled during the relevant period (May 20, 1997 through September 30, 1999).[4]

Plaintiff initiated this action on September 18, 2018, seeking review of the Commissioner's final decision.[5] On August 18, 2020, after full briefing by the parties, the magistrate court issued its R&R.[6] The magistrate court concluded that the decision of the Appeals Council—which is the Commissioner's final decision—did not sufficiently explain: (1) why it gave only "partial weight" to the

---

[1]   ECF 1, ¶ 4.

[2]   *Id.* ¶ 6. As the R&R notes, the record contains conflicting information about the exact date Plaintiff first applied for benefits. ECF 36, at 2 n.1. The precise date is, however, immaterial. *Id.*

[3]   ECF 14-1, at 11–19, 25–39, 42–57, 67–74, 104–06, 121–26; ECF 14-2, at 16–17, 19–30. *See also* ECF 1, ¶¶ 7–19; ECF 36, at 2–3.

[4]   ECF 14-1, at 11–18.

[5]   ECF 1.

[6]   ECF 36.

hearing testimony of Plaintiff's treating psychiatrist (Dr. Carol A. Harpe) when determining Plaintiff's mental residual functional capacity (RFC);[7] (2) why it gave "little weight" to Dr. Harpe's written medical opinions;[8] (3) its refusal to fully credit Plaintiff's subjective testimony concerning her disability in the absence of an explicit or clearly implicit credibility finding;[9] and, (4) the evidence supporting its conclusion about Plaintiff's physical RFC.[10] As a result, the magistrate court concluded that the Court could not properly exercise its review function to assess whether the Commissioner's final decision was supported by substantial evidence.[11]

In addition to these issues, Plaintiff argued that the ALJ erred because (1) the ALJ relied on a flawed hypothetical question to the vocational expert who testified at the administrative hearing and (2) there were conflicts between the vocational expert's testimony and the Dictionary of Occupational Titles (DOT).[12] Since the

---

[7]   *Id.* at 15–26.

[8]   *Id.* at 26–28.

[9]   *Id.* at 39–43.

[10]   *Id.* at 36–38.

[11]   *Id.* at 12–14 (discussing scope of district court review of final agency decisions). *See generally* ECF 36.

[12]   ECF 18, at 35–40.

ALJ's conclusions on these issues were adopted by the Appeals Council, they are part of the final decision of the Commissioner.[13] Plaintiff contended that the hypothetical question improperly failed to include all of Plaintiff's mental restrictions—specifically limitations in concentration, persistence, and pace.[14] The Commissioner countered that the hypothetical's incorporation of "simple, routine, repetitive tasks" sufficiently accounted for such restrictions.[15] The magistrate court found that the Appeals Council had not properly supported its determination of Plaintiff's mental RFC and the mental RFC formed a crucial part of the hypothetical. As a result, the magistrate court concluded that an assessment of whether the Appeals Council's adoption of the hypothetical was supported by substantial evidence is not possible on this record.[16]

Concerning the conflicts between the vocational expert's testimony and the DOT, the magistrate court concluded that there is "an apparent conflict between the limitation to simple, routine, repetitive tasks and the jobs" the vocational expert testified Plaintiff could perform (jobs with a "reasoning level 2").[17] Because

---

[13]   ECF 36, at 43–44.

[14]   *Id.* at 44.

[15]   *Id.*

[16]   *Id.* at 49–50.

[17]   *Id.* at 54-55.

of this, the magistrate court recommended that the Commissioner resolve this apparent conflict on remand.[18]

On September 10, 2020, the Commissioner objected to each of these conclusions in the R&R.[19] Plaintiff replied to the objections the following day.[20]

## II.   STANDARD OF REVIEW

### a.   Review of the Commissioner's final decision

Federal courts only have the authority to review the Commissioner's final decision. 42 U.S.C. § 405(g); *Parker v. Bowen*, 788 F.2d 1512, 1516 (11th Cir. 1986) (en banc) ("The Social Security Act provides that federal courts may only review the Secretary's [of Health and Human Services] 'final decision,' and that judicial review of the Secretary's findings of fact is limited to determining whether these

---

[18]   *Id.* at 59.

[19]   ECF 42.

The Court notes that the Commissioner's objections are more than double the length permitted by the Court's Standing Order. *See* Standing Order Regarding Civil Litigation § II.j., *In re: Civil Cases Assigned to United States District Judge Steven D. Grimberg* (permitting objections to reports and recommendations of up to 15 pages). Although the Standing Order was not separately entered on the docket in this action, it was at all relevant times readily available on the Court's website (http://www.gand.uscourts.gov/case-prep-judge-grimberg). Despite its length, the Court has considered the entirety of the Commissioner's brief objecting to the R&R.

[20]   ECF 43.

findings are supported by substantial evidence.") (citing 42 U.S.C. § 405(g)). Here, the Commissioner's final decision was the July 19, 2018 ruling by the Appeals Council, which adopted portions of the ALJ's August 17, 2016 ruling.[21]

In considering the denial of disability benefits, the Court reviews "the agency's decision and determine[s] whether its conclusion, as a whole, was supported by substantial evidence in the record." *Washington v. Comm'r of Soc. Sec.*, 906 F.3d 1353, 1358 (11th Cir. 2018) (internal quotation marks omitted) (citation omitted). "Substantial evidence means 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). *See also Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (same). "In determining whether substantial evidence exists, we must view the record as a whole, taking into account evidence favorable as well as unfavorable to the Secretary's decision. In contrast, our review of the ALJ's application of legal principles is plenary." *Swindle v. Sullivan*, 914 F.2d 222, 225 (11th Cir. 1990) (internal quotation marks omitted) (citations omitted). *See also Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) ("The district court must view the record as a

---

[21] ECF 14-1, 11–19 (Appeals Council decision); *id.* at 25–39 (ALJ decision).

whole, taking into account evidence favorable as well as unfavorable to the decision.") (citation omitted). The Court is not permitted to reweigh the evidence or substitute its judgment for that of the Commissioner. *Winschel*, 631 F.3d at 1178.

### b.      Objections to a Report & Recommendation

A party challenging a report and recommendation issued by a United States Magistrate Judge must file written objections that specifically identify the portions of the proposed findings and recommendations to which an objection is made and must assert a specific basis for the objection. *United States v. Schultz*, 565 F.3d 1353, 1361 (11th Cir. 2009). The district court must "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *Jeffrey S. ex rel. Ernest S. v. State Bd. of Educ. of Ga.*, 896 F.2d 507, 512 (11th Cir. 1990).

## III.   DISCUSSION

### a.      Sequential test for assessing entitlement to disability benefits

As applicable here, "disabled" means an individual who has an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). In determining whether a claimant

is disabled, the Commissioner is required to use a five-step, sequential analysis.

The five-step process was succinctly described in the R&R:

> 1.   Is the claimant currently working? If so, the claim is denied.
>
> 2.   Is the claimed impairment severe; that is, does the impairment or combination of impairments significantly limit the individual's physical or mental ability to do basic work activities? If not, the claim is denied.
>
> 3.   Does the impairment equal or exceed in severity certain impairments described in the impairment listings in the regulations? If so, the claimant is automatically entitled to disability benefits.
>
> 4.   Does the claimant have sufficient [RFC] to perform past work? If so, the claim is denied.
>
> 5.   Considering the claimant's age, education, work experience, and RFC, can the claimant perform any other gainful and substantial work? If so, the claim is denied.[22]

*See also Washington*, 906 F.3d at 1359–60 (discussing process as prescribed by 20 C.F.R. § 416.920(a)(1)); *Winschel*, 631 F.3d at 1178 (similar). The Court must review the Commissioner's final decision to determine whether it is supported by substantial record evidence. *Washington*, 906 F.3d at 1358.

---

[22]   ECF 36, at 3–4 (citing 20 C.F.R. § 416.920).

**b.     The Commissioner's objections**

The Commissioner has objected to every portion of the R&R that contains a conclusion adverse to the agency's position. Specifically, the Commissioner argues that (1) the Appeals Council properly evaluated the oral testimony of Dr. Harpe; (2) the Appeals Council gave proper weight to Dr. Harpe's written opinion; (3) the Appeals Council properly evaluated Plaintiff's subjective testimony; (4) the Appeals Council complied with the applicable policy interpretation ruling when making its conclusion about Plaintiff's physical RFC; (5) the ALJ's hypothetical to the vocational expert was complete; and (6) there was no "apparent conflict" between the vocational expert's testimony and the DOT.[23] These objections are addressed *seriatim*.

### 1.     The Appeals Council's evaluation of Dr. Harpe's oral testimony

Before the magistrate court, Plaintiff argued that the Appeals Council improperly evaluated the hearing testimony of her treating psychiatrist, Dr. Harpe, construing it as consistent with the council's RFC finding that Plaintiff could perform light work that is limited to simple, routine, repetitive tasks.[24] The

---

[23]   ECF 42.

[24]   *Id.* at 15.

magistrate court found that, when Dr. Harpe's testimony is viewed in context and as a whole, it is clear the ALJ "plucked one sentence" out from pages of testimony that indicated Plaintiff was not able to perform such tasks on a regular and continuing basis.[25] The Appeals Council used that isolated testimony to support the RFC assigned to Plaintiff.[26] The magistrate court concluded it was improper for the Appeals Council to rely on Dr. Harpe's testimony in this way,[27] without taking into consideration (or, at least, addressing) testimony by Dr. Harpe that Plaintiff could *not* perform such tasks on a sustained basis.[28]

The Commissioner objects to this conclusion, arguing that the magistrate court applied a "nonexistent legal standard" by purportedly requiring the Appeals Council to evaluate Dr. Harpe's testimony more than once in its decision.[29] Specifically, the Commissioner points to the Appeals Council's extensive discussion of Plaintiff's RFC under Step Three of the sequential analysis.[30] The Commissioner argues that the magistrate court erred when it refused to treat that

---

[25]   *Id.* at 16. *See generally id.* at 16–20.

[26]   *Id.* at 19.

[27]   *See generally id.* at 15–26.

[28]   *Id.* at 19–21.

[29]   ECF 42, at 2–3, 4. *See generally id.* at 2–10.

[30]   ECF 14-1, at 12–15.

Step Three discussion as necessarily incorporated into the later discussion of Dr. Harpe's testimony in connection with Plaintiff's ability to perform simple, routine, repetitive tasks.[31]

But the magistrate court did not apply a "nonexistent legal standard" to the Appeals Council's failure to properly support its conclusions. It determined (among other things) that the Appeals Council only credited isolated statements from Dr. Harpe's hearing testimony to justify the RFC assessment that Plaintiff could perform simple, routine, repetitive tasks on a sustained basis.[32] Dr. Harpe's oral opinion taken as a whole did *not* suggest that Plaintiff could perform such tasks on a *sustained* basis.[33] The Social Security Administration's own policy interpretation "emphasize[s] that . . . [o]rdinarily, RFC is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis. ***A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent work schedule***." SSR 96-8p, 1996 WL 374184, at *1 (emphasis added).

As the Eleventh Circuit similarly found in *McCruter v. Bowen*, this Court is:

---

[31]   ECF 42, at 4.

[32]   *See generally* ECF 36, at 15–26.

[33]   *Id.* at 19–21.

> constrained to conclude that the administrative agency here . . . reached the result that it did by focusing upon one aspect of the evidence and ignoring other parts of the record. In such circumstances we cannot properly find that the administrative decision is supported by substantial evidence. It is not enough to discover a piece of evidence which supports that decision, but to disregard other contrary evidence. The review must take into account and evaluate the record as a whole.

791 F.2d 1544, 1548 (11th Cir. 1986) (citations omitted). The Commissioner is not permitted to rely on isolated portions of the record while ignoring unfavorable testimony in reaching a final decision without providing enough detail explaining the decision to permit the Court to assess whether it was supported by substantial evidence in the record as a whole—including the evidence unfavorable to the Commissioner. *Washington*, 906 F.3d at 1358; *Swindle*, 914 F.2d at 225.

And, contrary to the Commissioner's assertions, the magistrate court did not ignore the Appeal Council's discussion under Step Three of the sequential analysis in connection with its ruling about Dr. Harpe's oral testimony. In fact, the R&R specifically addresses "the Commissioner's argument that the [Appeals Council's] earlier discussion of Dr. Harpe's oral testimony [in connection with Step Three] properly explains the [Appeals Council's] evaluation [under Step Five]. The [Appeals Council] . . . noted that Dr. Harpe testified that the claimant would become fatigued and overwhelmed by pain when trying to do things over

time and would not be able to follow through to complete a task."[34] The magistrate court did not conclude that the Appeals Council had to re-conduct its analysis of Dr. Harpe's testimony or its assessment of Plaintiff's RFC under Step Five. But the magistrate court *did* make clear that the Appeals Council had to *explain* why that earlier analysis supported its conclusion (under Step Five) that Dr. Harpe's testimony supported a finding that Plaintiff could perform light work that is limited to simple, routine, repetitive tasks on a sustained basis:

> The [Appeals Council] ambiguously noted that "the record" is inconsistent with [Dr. Harpe's] opinion, and when it did cite to specific evidence in the course of its step three analysis, those record documents fail to support the weight the [Appeals Council] heaped upon them. And the [Appeals Council] put a good bit of emphasis on Plaintiff's alleged ability to complete household tasks, without explaining how, even if true, that ability supported its finding that Plaintiff could carry on sustained work activities for eight hours per day over a five-day workweek. . . . [T]he [Appeals Council's] explanation simply does not amount to good cause for giving her opinion something less than controlling weight. [35]

Put another way, the Appeals Council did not "show its work" in any manner that permits the Court to conduct a meaningful review of whether its final

---

[34]  *Id.* at 22 (citing ECF 24, at 13; ECF 14-1, at 13).

[35]  ECF 36, at 25–26. *See generally id.* at 15–26.

decision was supported by substantial evidence. The Court must "not [be] left pondering why the ALJ made the decision he made." *Colon v. Colvin*, 660 F. App'x 867, 870 (11th Cir. 2016) (per curiam).

Further compounding the problem caused by its selective treatment of Dr. Harpe's testimony, the Appeals Council only assigned "partial weight" to that testimony because "the medical evidence of record does not demonstrate that the claimant was unable to sustain and complete work-related tasks during the period at issue."[36] In order to discount a treating physician's opinion, the Commissioner must have "good cause." *Winschel*, 631 F.3d at 1179. The reason for disregarding or discounting a treating physician's opinion must be clearly articulated. *Id.* The reasons for the weight given to a particular medical opinion must be stated. *Id.* Without such details, it is "'impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence.'" *Id.* (quoting *Cowart v. Schweiker*, 662 F.3d 731, 735 (11th Cir. 1981)).

The Commissioner objects to the R&R's conclusion that the Appeals Council did not provide good cause for giving Dr. Harpe's testimony less than controlling

---

[36]   ECF 14-1, at 14.

weight.[37] There is no record citation in support of the council's decision to discount Dr. Harpe's testimony.[38] The magistrate court concluded that this was improper: "'The ALJ must give a treating physician's opinion substantial or considerable weight unless good cause is shown to the contrary.'"[39] The Court agrees. It is entirely unclear what evidence supported the Appeals Council's determination that there was good cause not to fully credit Dr. Harpe's testimony. As quoted above, the Appeals Council's general reference to "the record" or its Step Three analysis does not provide a basis for this Court to conclude there was good cause to give Dr. Harpe's testimony less than full weight. Further, even if Dr. Harpe's testimony was not entitled to full weight, the Appeals Council was required to treat that opinion with deference. SSR 96-2p, 1996 WL 374188, at *4 (July 2, 1996) (even when a treating source opinion is inconsistent "with the other substantial evidence in the case" and therefore not entitled to controlling weight, "[t]reating source medical opinions are still entitled to deference . . . .").[40]

---

[37]  ECF 42, at 7–13. *See also* ECF 36, at 21–26 (reflecting the magistrate court's conclusions with regard to the lack of explanation supporting good cause).

[38]  ECF 14-1, at 14.

[39]  ECF 36, at 25 (quoting *Schink v. Comm'r of Soc. Sec.*, 935 F.3d 1245, 1259 (11th Cir. 2019)). *See also* ECF 36, at 21–22.

[40]  SSR 96-2p was rescinded, but it applies here because Plaintiff's claim was filed prior to March 27, 2017. *Errica L. v. Comm'r, Soc. Sec. Admin.*, No. 1:17-CV-1774-

This Court has conducted a *de novo* review of this portion of the R&R and of the record, and agrees with the reasoning and conclusion in the R&R that the Appeals Council failed to properly consider the hearing testimony of Dr. Harpe. As a result, the Court cannot assess whether the Commissioner's final decision was supported by substantial evidence. *Winschel*, 631 F.3d at 1179 (when the final decision "fails to state with at least some measure of clarity the grounds for [the] decision . . . . to say that [the] decision is supported by substantial evidence approaches an abdication of the court's duty to scrutinize the record as a whole to determine whether the conclusions reached are rational.") (internal quotation marks omitted) (citations omitted). This analysis also disposes of the Commissioner's other arguments concerning Dr. Harpe's oral testimony. All of the Commissioner's objections concerning this issue are therefore **OVERRULED**.

2.    **The Appeals Council's assessment of Dr. Harpe's written opinion**

The Appeals Council's decision notes Dr. Harpe's written opinions (from July 2009 through November 2015) that Plaintiff was "markedly limited in many mental functioning areas, particularly involving social interaction and

---

AJB, 2018 WL 4377568, at *14 n.22 (N.D. Ga. Sept. 13, 2018) (citing, *inter alia*, 20 C.F.R. § 404.1527).

concentration and persistence."[41] The council assigned "little weight" to those opinions.[42]

For the same reasons it found the Appeals Council's explanations concerning Dr. Harpe's hearing testimony insufficient, the magistrate court also found the justifications for the minimal weight assigned to Dr. Harpe's written opinions unsatisfactory.[43] The magistrate court concluded that Dr. Harpe's written opinions were "entirely consistent" with her oral testimony.[44] The Commissioner objects, arguing that the Appeals Council gave Dr. Harpe's written opinions little weight because they "were inconsistent with the medical evidence of record, Plaintiff's daily activities, and improvement in her mood and other symptoms with medication and a decrease in alcohol."[45]

In its final decision, however, the Appeals Council selectively relied on record evidence that supported its conclusion while ignoring contradictory evidence without providing an explanation of why it did so. For instance, in

---

[41]   ECF 14-1, at 14.

[42]   *Id.*

[43]   ECF 36, at 28.

[44]   *Id.*

[45]   ECF 42, at 13 (citation omitted).

support of its determination to put "little weight" on Dr. Harpe's written opinions,

the Appeals Council stated:

> The medical evidence demonstrates that [Plaintiff] was able to sustain sufficient concentration and persistence to perform household chores and some volunteer work during the period at issue, and that she experienced improvement in her mood and other mental health symptoms with medication treatment and a decrease in alcohol consumption.[46]

In contrast, the R&R notes that Dr. Harpe's written opinions showed that

> Plaintiff has marked limitations (meaning that the limitations effectively preclude Plaintiff from performing the activity in a meaningful manner) in her ability to carry out detailed instructions, in the ability to maintain attention and concentration for extended periods, in the ability to perform activities within a schedule and maintain regular attendance, in the ability to sustain ordinary routine without supervision, in the ability to work with others without being distracted by them, in the ability to complete a normal workweek without interruptions from psychologically based symptoms, and in the ability to interact with the public. Dr. Harpe wrote that Plaintiff is incapable of tolerating even low stress in the work environment and that she would be absent from work more than three times per month as a result of her impairments.[47]

---

[46]   ECF 14-1, at 14 (citations omitted).

[47]   ECF 36, at 28 (citing ECF 14-3, at 69–74).

Nothing in the Commissioner's final decision explains the wide discrepancy between the Appeals Council's conclusion and the evidentiary record—which the Court must view as a whole even when it is not favorable to the Commissioner's position. *Swindle*, 914 F.2d at 225 ("In determining whether substantial evidence exists, we must view the record as a whole, taking into account evidence favorable as well as unfavorable to the Secretary's decision.") (citing *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986)). Without such an explanation, the Court has no basis to evaluate whether the final decision is supported by substantial evidence. *Mitchell v. Comm'r, Soc. Sec. Admin.*, 771 F.3d 780, 784 (11th Cir. 2014) ("Although the Appeals Council acknowledged that [the claimant] had submitted new evidence, it did not adequately evaluate it. Rather, it perfunctorily adhered to the decision of the hearing examiner. This failure alone makes us unable to hold that the Secretary's findings are supported by substantial evidence and requires us to remand this case for a determination of [the claimant's] disability eligibility reached on the total record.") (internal quotation marks omitted) (citation omitted).

Based on its *de novo* review of this portion of the R&R and the record, and for the same reasons it overruled the Commissioner's objections with regard to Dr. Harpe's oral testimony, the Court **OVERRULES** the Commissioner's

objections concerning Dr. Harpe's written opinion. The Commissioner's remaining objections to this portion of the R&R are **OVERRULED** for the same reasons.

### 3. The Appeals Council's evaluation of Plaintiff's subjective testimony

Under Eleventh Circuit precedent, if an ALJ does not credit a claimant's subjective pain testimony when such testimony is critical to the disability determination, the ALJ must articulate specific reasons for questioning the claimant's credibility. *Foote v. Chater*, 67 F.3d 1553, 1562 (11th Cir. 1995) ("[W]here proof of a disability is based upon subjective evidence and a credibility determination is, therefore, a critical factor in the [Commissioner]'s decision, the ALJ must either explicitly discredit such testimony or the implication must be so clear as to amount to a specific credibility finding.") (alterations in original) (internal quotation marks omitted) (citation omitted); *Marbury v. Sullivan*, 957 F.2d 837, 839 (11th Cir. 1992) (same). Thus, "lack of an explicit credibility finding becomes a ground for remand when credibility is critical to the outcome of the case." *Foote*, 67 F.3d at 1562 (citation omitted).

Here, the ALJ concluded:

> After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected

> to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision.[48]

This portion of the ALJ's ruling was adopted by the Appeals Council: "The Appeals Council also considered the claimant's statements concerning the alleged symptoms and adopts the Administrative Law Judge's conclusions in that regard."[49] Accordingly, the ALJ's determination was incorporated as part of the Commissioner's final decision.

The magistrate court concluded that the ALJ did not properly analyze Plaintiff's subjective testimony because the ALJ did not make any explicit credibility finding or clearly imply one in his decision.[50] The boilerplate language

---

[48]   ECF 14-1, at 37.

[49]   *Id.* at 15.

[50]   ECF 36, at 40. *See generally id.* at 39–41.

The Commissioner also objects to the magistrate court's use of the term "credibility" in the R&R. The Commissioner's semantic protest notes that "use of that term" was "removed" by SSR 16-3p, 2016 WL 1119029 (Mar. 16, 2016). ECF 42, at 15. SSR 16-3p removed use of the term to "clarify that subjective symptom evaluation is not an examination of an individual's character. Instead, we will more closely follow our regulatory language regarding symptom evaluation." 2016 WL 1119029, at *1. ALJs were instructed to "consider all of the evidence in an individual's record when they evaluate the intensity and persistence of symptoms . . . ." *Id.* at *2.

in the ALJ's ruling "does little to explain why the ALJ discredited Plaintiff's testimony. And the rationale is important because without knowing why the ALJ made this determination, the Court cannot decide whether substantial evidence supports it."[51]

The Commissioner concedes that Plaintiff's subjective pain testimony was a critical factor in the final decision,[52] but complains that the magistrate court "misinterpreted the [Appeals Council's] decision and did not review the decision according to the proper legal standards."[53] First, the Commissioner asserts the R&R incorrectly suggests that "it was not clear the Appeals Council 'discredited'" Plaintiff's subjective complaints.[54] The Commissioner contends that the Appeals Council (in adopting the ALJ's conclusions) credited some of Plaintiff's testimony,

---

Despite the Commissioner's objection, "credibility" is a term with which federal courts are exceedingly familiar, and are capable of understanding and applying consistent with the Social Security Ruling without treating it as reflective of a claimant's character. In fact, the term "credibility" is used in relevant case law that binds this Court. *See, e.g., Foote*, 67 F.3d at 1562; *Marbury*, 957 F.2d at 839. Accordingly, the Court uses the term here as well.

[51] ECF 36, at 41 (citing *Marbury*, 957 F.2d at 839).

[52] ECF 42, at 14–18 (arguing that the Appeals Council properly evaluated such testimony).

[53] *Id.* at 15.

[54] *Id.*

but not all of it "due to the inconsistencies highlighted in the discussion of the evidence."[55]

This objection misconstrues the magistrate court's conclusion. As noted in the R&R, the magistrate court was "unconvinced by the Commissioner's argument that the ALJ's seven-page discussion of the record evidence clearly implies that the ALJ made a specific credibility finding."[56] The Court agrees. Simply referring to several pages of discussion about the evidence—some of which was consistent with Plaintiff's subjective testimony and some of it not—does nothing to explain *why* the ALJ did not fully credit Plaintiff's testimony. As stated in the R&R, the magistrate court could not "say that the ALJ's discussion makes clear the reasons that he rejected Plaintiff's testimony."[57] The ALJ, and therefore the Appeals Council and Commissioner, failed to "***articulate specific reasons***" why Plaintiff's testimony was not fully credited. *Marbury*, 957 F.2d at 839 (emphasis added). On its *de novo* review of this part of the R&R and of the record, the Court agrees with the magistrate court's conclusion.

---

[55]   *Id.* at 16 (citing ECF 14-1, at 37).

[56]   ECF 36, at 41 (citing ECF 24, at 24–27).

[57]   ECF 36, at 43.

Second, the Commissioner objects that the magistrate court "only looked for an explicit finding about subjective complaints, even though an implicit finding will suffice."[58] This, too, is an inaccurate description of what the magistrate court did. Any implicit finding discrediting a claimant's credibility "must be so clear as to amount to a specific credibility finding." *Foote*, 67 F.3d at 1562. The R&R concluded there was nothing in the ALJ's decision containing this type of clear indication of why Plaintiff's testimony was discredited nor was there any explicit statement explaining the basis for not fully crediting her subjective complaints.[59] *Id.* ("'Although this circuit does not require an explicit finding as to credibility, . . . the implication must be obvious to the reviewing court.'") (omission in original) (quoting *Tieniber*, 720 F.2d at 1255). The Court agrees. The magistrate court correctly reviewed the Commissioner's decision about Plaintiff's subjective testimony and applied the correct legal standard. There is nothing explicit or plainly implicit in the ALJ's ruling that explains the decision to discredit

---

58   ECF 42, at 17 (citing *Tieniber v. Heckler*, 720 F.2d 1251, 1255 (11th Cir. 1983)).

59   ECF 36, at 43 ("This varied discussion does not clearly imply that the ALJ discredited Plaintiff's testimony. Thus, the Court cannot meaningfully review his credibility determination (or even determine to what extent the ALJ credited Plaintiff's subjective testimony), and the case must be remanded for the Commissioner to articulate specific reasons for questioning the claimant's credibility.").

Plaintiff's testimony. The Commissioner's objections on this issue are **OVERRULED**.

### 4.     The Appeals Council's conclusion about Plaintiff's physical RFC

A claimant's RFC assessment "must include a narrative discussion describing **how** the evidence supports each conclusion, citing specific medical facts . . . and . . . nonmedical evidence." SSR 96-8p, 1996 WL 3741804, at *7 (July 2, 1996) (emphasis added). The Appeals Council adopted the ALJ's conclusion that Plaintiff has "the residual functional capacity to perform a limited range of light work."[60] It stated that this finding was supported "by the evidence of record, including Dr. Harpe's opinion testimony."[61] However, the Appeals Council assigned only partial weight to that testimony.[62]

In the R&R, the magistrate court indicated that, while the Appeals Council explained why it was *discounting* various medical opinions, it did not identify the specific evidence *supporting* its assessment of Plaintiff's physical RFC—in violation

---

[60]   ECF 14-1, at 13. The Appeals Council did not adopt the ALJ's "alternative finding" that Plaintiff had the RFC to "perform sedentary work with the same nonexertional limitations." *Id.*

[61]   *Id.* at 14. *See generally id.* at 14–15.

[62]   *Id.* at 14.

of SSR 96-8p.[63] This problem was exacerbated by the fact that the Appeals Council's ruling was unclear about which portions of the ALJ's decision it was adopting.[64] The Commissioner objects to this portion of the R&R, arguing that, in adopting the ALJ's consideration of Plaintiff's subjective complaints, the Appeals Council also adopted the ALJ's discussion of Plaintiff's medical history—all seven pages of it—and that this was sufficient to comply with SSR 96-8p.[65] "The Commissioner maintains that the Appeals Council adopted the entire rationale underlying the ALJ's RFC finding by incorporating by reference his evaluation of subjective complaints."[66]

This objection tracks the arguments that the Commissioner presented to—and that were rejected by—the magistrate court. The Court rejects it for the same reasons. SSR 96-8p requires the Commissioner to show his work. The Social Security Ruling does not permit the Commissioner to rely on negative inferences and an expectation that the Court should be the one to glean what the supporting

---

[63]   ECF 36, at 36–37.

[64]   *Id.* at 37.

[65]   ECF 42, at 18–21.

[66]   *Id.* at 19 (citing ECF 14-1, at 15).

evidence in fact is from the portions of the record *not* discounted by the Commissioner.

SSR 96-8p required the Commissioner's final decision to contain a narrative discussion explaining how the evidence *supports* the conclusion that Plaintiff is capable of performing a limited range of light work. There is nothing in either the ALJ's or the Appeals Council's decisions that can reasonably be said to explain the evidence that supports the conclusion about Plaintiff's physical RFC. This, of course, hinders the Court's ability to assess whether the Commissioner's decision was supported by substantial evidence. As a result, the final decision did not comply with SSR 96-8p. Based on its *de novo* review of this portion of the R&R and the record, the Court finds no error. The Commissioner's objection is **OVERRULED**.

### 5.    The hypothetical to the vocational expert

The ALJ posed the following hypothetical question to the vocational expert during the administrative hearing:

> Let me ask a hypothetical. Suppose we have a hypothetical individual of the claimant's age, education, and past work experience who is limited to light work activity with only occasional use of ladder, rope, or scaffold, frequent ramp, stairs, balance, stoop, crawl, crouch, or kneel, is limited to simple, routine, repetitive tasks, best if only occasional contact with coworkers, no ongoing public interaction, and low stress defined as

only occasional change in a work setting or decision-making. Could such an individual perform to any form of past relevant work and, if not, could she engage in another form of work activity existing in significant numbers either locally or several regions of the national economy? Keep in mind we're only concerned with the time period on or before September 30th, 1999 when she was 45 years of age.[67]

### i. Failure to account for difficulties in concentration, persistence, and pace

Plaintiff argued to the magistrate court that the limitation in the hypothetical to "simple, routine, repetitive tasks" was insufficient to account for her difficulties in the ability to concentrate, persist, or maintain pace.[68] The Commissioner asserted the hypothetical was appropriate.[69]

The Eleventh Circuit has held that, "'[i]n order for a vocational expert's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments.'" *Winschel*, 631 F.3d at 1180 (quoting *Wilson v. Barnhart*, 284 F.3d 1219, 1227 (11th Cir. 2002) (per curiam)). Both parties cited *Winschel* in support of their respective arguments,

---

[67]   ECF 14-10, at 71–72 (Hr'g Tr. at 29:22–30:10).

[68]   ECF 36, at 46.

[69]   *Id. See also* ECF 24, at 30–32.

and the R&R discusses the case at length.[70] In analyzing *Winschel* and its progeny,

the magistrate court stated:

> [T]he general rule is that "an ALJ does not account for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical posed to the vocational expert to simple, routine tasks or unskilled work." However, there is an exception to the general rule "if the 'medical evidence demonstrates that [the] claimant can engage in simple, routine tasks or unskilled work despite limitations in concentration, persistence, and pace' then 'limiting the hypothetical to include only unskilled work sufficiently accounts for such limitations.'"[71]

The ALJ's hypothetical to the vocational expert did not expressly reference

Plaintiff's difficulties with concentration, persistence, and pace.[72] Accordingly,

only if the medical evidence indicated that Plaintiff could engage in simple,

routine, repetitive tasks *despite* those difficulties would the hypothetical have been

appropriate. *Winschel*, 631 F.3d at 1180–81. The Appeals Council determined that

Plaintiff had "moderate difficulties in the ability to concentrate, persist, or

maintain pace."[73] This conclusion was based on Dr. Harpe's testimony, to which

---

[70]   ECF 36, at 46–49.

[71]   *Id.* at 48–49 (quoting *Rosario v. Comm'r of Soc. Sec.*, 490 F. App'x 192, 195 (11th Cir. 2012) (quoting *Winschel*, 631 F.3d at 1180)).

[72]   ECF 36 at 49 (citing ECF 14-1, at 13; ECF 14-10, at 72).

[73]   ECF 14-1, at 13.

the Appeals Council assigned only "partial weight."[74] Since the Appeals Council's evaluation of Dr. Harpe's opinion has been determined to be flawed, the magistrate court was unable to determine whether the exception described in *Winschel* applies here. It therefore concluded that the Appeals Council had erred by adopting the hypothetical.[75]

The Commissioner objects to this ruling for the same reasons that he objected to the R&R's findings with regard to Dr. Harpe's oral testimony and written opinions.[76] As discussed above, the Appeals Council did not consider Dr. Harpe's testimony as a whole (including the testimony that did not support its desired outcome) and failed to provide good cause for not giving full weight to that testimony. Therefore, the record as a whole does not provide substantial evidence that Plaintiff could engage in simple, routine, repetitive tasks despite her limitations in concentration, persistence, and pace. Accordingly, and based on the Court's *de novo* review of this portion of the R&R, the Court **OVERRULES** this objection.[77]

---

[74]   *Id.* at 13, 14. *See generally id.* at 12–14.

[75]   ECF 36, at 49–50.

[76]   ECF 42, at 22–23.

[77]   *See supra* Sections III.b.1., III.b.2.

### ii.   The "apparent conflict" between the vocational expert's testimony and the DOT

In response to the ALJ's hypothetical, the vocational expert testified that there were jobs in the national economy Plaintiff could perform.[78] Pursuant to SSR 00-4p, the ALJ concluded that this testimony was consistent with the information in the DOT.[79] According to the DOT, the jobs identified by the vocational expert all have a reasoning level 2.[80]

An ALJ has "an affirmative duty to identify apparent conflicts between the testimony of a Vocational Expert and the DOT and resolve them. . . . Once the conflict has been identified, [SSR 00-4p] requires the ALJ to offer a reasonable explanation for the discrepancy, and detail in his decision how he has resolved the conflict. The failure to discharge this duty means that the ALJ's decision, when based on the contradicted [ ] testimony, is not supported by substantial evidence." *Washington*, 906 F.3d at 1356.

The magistrate court identified the issue here as "whether there is an apparent conflict between a claimant's ability to perform jobs at a reasoning level

---

78   ECF 14-1, at 38; ECF 14-10, at 71–74.

79   ECF 14-1, at 38.

80   ECF 36, at 52 (citing DOT §§ 713.684-014, 729.684-054, 920.687-126).

2 and an RFC that limits the claimant to simple, routine, repetitive tasks."[81] It concluded that there was an apparent conflict.[82] "An 'apparent conflict' . . . . is a conflict that is reasonably ascertainable or evident from a review of the DOT and the [vocational expert's] testimony. At a minimum, a conflict is apparent if a reasonable comparison of the DOT with the [ ] testimony suggests that there is a discrepancy, even if, after further investigation, that turns out not to be the case." *Id.* at 1365. In analyzing both pre- and post-*Washington* case law and SSR 00-4p, the magistrate court reasoned that "an ALJ must at least address an apparent conflict between a limitation to simple, routine, and repetitive tasks and jobs that involve a reasoning level two."[83] This apparent conflict was not addressed by the ALJ or in the Commissioner's final decision.

The Commissioner objects to the R&R's conclusion.[84] In particular, the Commissioner objects to the R&R's interpretation of *Valdez v. Commissioner of Social Security*, a recent Eleventh Circuit opinion. 808 F. App'x 1005 (11th Cir. 2020) (per curiam).[85] He argues that *Valdez* conclusively held that a limitation to "simple,

---

[81]   ECF 36, at 52.

[82]   *Id.* at 54.

[83]   *Id.* at 58.

[84]   ECF 42, at 24–34.

[85]   *Id.* at 25.

routine, and repetitive work" in a hypothetical posed to a vocational expert is not inconsistent with the performance of jobs with reasoning level 2, which is consistent with the law of other circuits.[86]

In *Valdez*, the Eleventh Circuit evaluated Valdez's appeal from the district court's order affirming the denial of his applications for (among other things) disability insurance benefits and supplemental security income. *Id.*[87] The ALJ's hypothetical to the vocational expert in that case was based on the ability to perform simple, routine, and repetitive tasks as defined in the DOT at reasoning levels 1 and 2. *Id.* at 1007. The expert testified that there were jobs in the national economy that Valdez could perform at such levels. *Id.* Relying on that testimony, the ALJ concluded that Valdez was not disabled. *Id.* In the district court, Valdez argued the ALJ's decision was not supported by substantial evidence. *Id.* Relevant here, Valdez claimed that the ALJ erred in concluding that he could perform a job requiring a reasoning level of 3, because that reasoning level is incompatible with

---

[86]  *Id.* at 25–26; *id.* at 28 n.7 (citing *Lawrence v. Saul*, 941 F.3d 140, 143 (4th Cir. 2019); *Hernandez v. Berryhill*, 707 F. App'x 456, 458 (9th Cir. 2017); *Monateri v. Comm'r of Soc. Sec.*, 436 F. App'x 434, 446 (6th Cir. 2011); *Moore v. Astrue*, 623 F.3d 599, 604 (8th Cir. 2010); *Hackett v. Barnhart*, 395 F.3d 1168, 1176 (10th Cir. 2005); *Money v. Barnhart*, 91 F. App'x 210, 215 (3d Cir. 2004)).

[87]  While *Valdez* is not controlling, it is persuasive authority. 11th Cir. R. 36-2 (unpublished opinions "are not considered binding precedent," but can be cited as persuasive authority).

a limitation to simple, routine tasks. *Id.* at 1007–08. The district court affirmed the

ALJ's decision. *Id.* at 1008.

On appeal, the panel found it unnecessary to decide the question posed by

Valdez because the ALJ concluded he could perform two other jobs—one with a

reasoning level of 1 and the other with a reasoning level of 2. *Id.* at 1009. The court

went further, stating:

> Valdez has not argued that these jobs [with reasoning
> level 1 and 2] are inconsistent with his [RFC], *and they are
> not*. Thus, any error pertaining to the ALJ's conclusion
> that he could work as an order clerk is harmless because
> there are other jobs he is qualified to do even in light of
> his [RFC], age, education, and work experience.

*Id.* (Emphasis added.)

This Court finds *Valdez* persuasive to the issue at hand. The opinion

indicates that jobs with reasoning level 2 are not inconsistent with a RFC limited

to simple, routine, and repetitive work. This is in line with the Eleventh Circuit's

pre-*Washington* case law. For example, in *Hurtado v. Commissioner of Social Security*,

the court held that a hypothetical using a RFC limited to performing "simple,

routine tasks with limited contact with the public" did not present an apparent

conflict with DOT provisions for jobs with reasoning levels 2 and 3. 425 F. App'x

793, 795–96 (11th Cir. 2011).[88] Likewise, in *Chambers v. Commissioner of Social Security*, the court indicated that jobs with reasoning levels 2 and 3 "may also be jobs with simple tasks." 662 F. App'x 869, 873 (11th Cir. 2016) (per curiam).

Other appellate courts that have addressed this question have reached similar conclusions. *See, e.g.*, *Lawrence v. Saul*, 941 F.3d 140, 143 (4th Cir. 2019) (limitation to "simple, routine repetitive tasks of unskilled work" is not in apparent conflict with reasoning level 2); *Hernandez v Berryhill*, 707 F. App'x 456, 458 (9th Cir. 2017) (concluding there is no apparent conflict between a limitation to "simple, repetitive tasks" and ability to perform jobs with reasoning level 2); *Moore v. Astrue*, 623 F.3d 599, 604 (8th Cir. 2010) (concluding there is no conflict between "carrying out simple job instructions" for "simple, routine and repetitive work activity," and jobs with reasoning level 2).

Based on these authorities, the Court **SUSTAINS** the Commissioner's objection. The limitation to simple, routine, and repetitive work in the hypothetical posed to the vocational expert did not create an apparent conflict with jobs in the DOT having a reasoning level of 2. However, despite the Court's sustaining of the

---

[88]   This portion of *Hurtado* does not appear to have been affected by the issuance of SSR 00-4p, 2000 WL 1898704, at *1 (Dec. 4. 2000) (clarifying the standards for identifying and resolving conflicts between a vocational expert's testimony and the DOT).

Commissioner's objection on this issue, the magistrate court's conclusion that the case must be remanded remains intact for the reasons stated above. That is, the Commissioner failed to give full weight to the testimony and opinions of Dr. Harpe; failed to explain why Plaintiff's subjective testimony was discredited; failed to support the conclusion concerning Plaintiff's physical RFC; and failed to support with substantial evidence the conclusion that Plaintiff can engage in simple, routine, repetitive tasks despite her limitations in concentration, persistence, and pace. All of these issues ultimately factor into the hypothetical posed to the vocational expert and therefore affect the Commissioner's final determination that Plaintiff was able to perform jobs in the national economy. Accordingly, the Court is unable conclude that there is substantial evidence in the record supporting the Commissioner's ruling denying Plaintiff's claim for benefits.

## IV.   CONCLUSION

The Court has reviewed on a *de novo* basis those portions of the R&R to which the Commissioner objects and **ADOPTS IN PART AND MODIFIES IN PART** the R&R [ECF 36]. The Commissioner's objections [ECF 42] are **OVERRULED**, except for the objection concerning whether there is an apparent conflict between the hypothetical posed to the vocational expert and the DOT,

which the Court **SUSTAINS**. The final decision of the Commissioner is hereby **REVERSED**, and this action is **REMANDED** to the Commissioner for further proceedings consistent with the R&R and this Order pursuant to 42 U.S.C. § 405(g). The Clerk is **DIRECTED** to close this case.

SO ORDERED this the 30th day of September 2020.

Steven D. Grimberg
United States District Court Judge